FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        -vs-<br><br>BRANDON BERNELL BLANCHE,<br><br>                Defendant. | No.   2:11-CR-0191-WFN-1<br><br>ORDER DENYING MOTION FOR REDUCED SENTENCE |

      Pending before the Court is Defendant's Motion to Reduce Sentence Under § 3582(c)(1)(A). ECF No. 88. The parties agree that he has exhausted his claim with the Bureau of Prisons [BOP].

      Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). Defendant is not over 70 years old so he must demonstrate that extraordinary and compelling reasons warrant reduction.

      Defendant argues that several factors in combination support a reduction of sentence. Defendant points to his significant rehabilitation—including an admirable academic record, his inability to access further programing due to COVID-19 restrictions, and changes in law that would lead to a shorter guideline range if sentenced today. These factors, combined or individually, do not justify a sentence reduction. The Court applauds Defendant's commitment to rehabilitation. One of the primary purposes of a sentence is to promote rehabilitation. Defendant took full advantage of the opportunities presented and made the

ORDER - 1

most of them. Ideally, all people sent to prison would take advantage of the opportunities for rehabilitation and education to avoid recidivism. Hopefully taking advantage of the opportunities afforded by the BOP to aid in rehabilitation is not extraordinary.

Understandably, Defendant expresses frustration that COVID-19 restrictions impeded his progress and ability to engage in further programing and education opportunities. COVID-19 wreaked havoc on the prisons first creating a petri dish for infections, then, once the BOP reacted to curb the spread, severely limited all inmates' access to programing. Though unfortunate and frustrating, Defendant's situation is not extraordinary.

Lastly, as the Government points out, though changes in law significantly lowered the potential guideline range were the Court to sentence Defendant under today's law, the difference between his actual sentence and today's range is not stark. The parties addressed the § 3553(a) factors when fashioning an agreed sentence well below Defendant's guideline range. The Court accepted the parties' agreement imposing a sentence near the high end of the agreed range. Even if the Court agreed that a vast differential between today's guideline range and the original range could qualify as an extraordinary and compelling reason for a reduction, a sentence exceeding the current high end by 15 months fails to arise to an extraordinary or compelling change. Viewing each of the arguments presented both individually and in concert, the Court concludes that Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. The Court has reviewed the file and briefing and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence Under § 3582(c)(1)(A), filed May 21, 2021, **ECF No. 88**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 16th day of July, 2021.

07-08-21

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2